UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| **ADAM ALEXANDER,**<br><br>    Plaintiff,<br><br>v.<br><br>**GC SERVICES LIMITED PARTNERSHIP,**<br><br>    Defendant. | Case No.: 2:09-cv-10002<br><br>Hon. Sean F. Cox<br><br>**DEFENDANT GC SERVICES LP'S ANSWER TO COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES** |
| Adam G. Taub (P48703)<br>Adam Taub Assoc Consumer Law Group<br>**Attorney for Plaintiff**[1]<br>18930 West 10 Mile Road, #2500<br>Southfield, MI  48075<br>(248) 746-3790<br>adamgtaub@clgplc.net | Michael J. Hodge (P25146)<br>Scott R. Eldridge (P66452)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>**Attorneys for Defendant GC Services LP**<br>One Michigan Avenue, Suite 900<br>Lansing, MI  48933<br>(517) 487-2070<br>(517) 374-6304 (Facsimile)<br>email: hodge@millercanfield.com<br>email: eldridge@millercanfield.com |

**DEFENDANT GC SERVICES LP'S
ANSWER TO COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES**

    Defendant, **GC SERVICES LIMITED PARTNERSHIP** ("GC Services"), by and through its attorneys, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., provide answers with affirmative and other defenses to Plaintiff's Complaint as follows:

    1.    This court has jurisdiction under the state law claims herein.

---

[1] In the caption of his Complaint, Plaintiff incorrectly identified his attorney, Adam Taub, as representing *Defendant* in this matter.

**ANSWER**:   GC Services admits only that the United States District Court for the Eastern District of Michigan has jurisdiction over Plaintiff's federal claims and that it may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. To the extent that any other allegation was intended in ¶1, the same is hereby denied as untrue.

2. Plaintiff, Adam Alexander, ("Alexander"), resides in Royal Oak, Michigan.

**ANSWER:**   GC Services neither admits nor denies the allegations in ¶2 because GC Services is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

3. Defendant GC Services Limited Partnership, ("Defendant" or "GC Services"), is a corporation doing business in Michigan, in the principal business of purchasing and collecting debt, with it's [sic] agent for service of process located in Bingham Farms, Michigan..

**ANSWER:**   Defendant admits only that GC Services is a limited partnership doing business in Michigan, with its agent for service of process located in Bingham Farm, Michigan. Defendant denies as untrue, however, the allegation that its "principal business" is "purchasing and collecting debt."

4. Defendant is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

**ANSWER:**   Defendant admits only that it is a "debt collector" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).  By way of further answer, Defendant denies that it is a "'debt collector' under the FDCPA, 15 U.S.C. § 1692k(6)," as alleged, because no such statutory provision exists.

5. Defendant is a "regulated person" under the Michigan Debt Collection Practices

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Act, M.C.L. §445.251(g)(xi);

**ANSWER:** Defendant denies the allegations in Paragraph 5 as untrue.

### General Allegations

6. Defendant engaged in collection activity, in connection with a debt allegedly owed by Plaintiff.

**ANSWER:** Defendant admits that it was retained by Sprint to collect a debt that Plaintiff owed to Sprint.

7. In connection with its collection activity, Defendant engaged in "communications" to the Plaintiff, including, but not limited to leaving voice mail messages on Plaintiff's cell phone voice mail.

**ANSWER:** Defendant admits only that it attempted to call Plaintiff in an effort to collect the debt at issue and that it, in full compliance with the applicable law, left one or more messages for Plaintiff on his voice mail system, requesting that Plaintiff return the call. Defendant neither admits nor denies the allegation that it left voice mail messages on Plaintiff's *cell phone* because it is without information or knowledge sufficient to form a belief as to the truth of that allegation and, therefore, leaves Plaintiff to his proofs. To the extent that any other allegation was intended in Paragraph 7, the same is hereby denied as untrue.

8. Said voice mail messages failed to include "mini-Miranda" language mandated by the FDCPA and relevant case law, and constituted false and deceptive practices in the collection of a debt.

-3-

**ANSWER:**   Defendant does not know what Plaintiff means by "mini-Miranda" or "relevant case law" and the allegations in Paragraph 8 are, therefore, not susceptible to a reasoned response.  Defendant, nevertheless, denies as untrue any allegation that it violated the FDCPA, or any other law, in connection with its efforts to collect the debt at issue in this lawsuit, including but not limited to the specific violations alleged in Paragraph 8.

9.   Defendant collectors [sic] contacted Plaintiff in this manner several times, in violation of the law as outlined below.

**ANSWER:**   Defendant denies the allegations in Paragraph 9 as untrue.

10.   As the result of the facts alleged above, Plaintiff is entitled to statutory damages.

**ANSWER:**   Defendant denies the allegations in Paragraph 10 as untrue.

## COUNT I – Fair Debt Collection Practices Act (FDCPA)

11.   Plaintiff incorporates the preceding allegations by reference.

**ANSWER:**   GC Services incorporates by reference the preceding responses as if fully restated herein.

12.   Defendant, at all relevant times hereto, and in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

**ANSWER:**   GC Services does not know what Plaintiff means by "at all relevant times hereto" and the allegations in ¶12 are, therefore, not susceptible to a reasoned response.  By way of further answer, GC Services admits only that it regularly engages in the practice of collecting debts on behalf of others.  To the extent that any other allegation was intended in ¶12, the same

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

is hereby denied as untrue.

13. Defendant have [sic] engaged in violations of the FDCPA, including but not limited to:

    a. engaging in abusive conduct in prohibition of 15 U.S.C. §1692d;

    b. causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversations repeatedly and/or continuously with the intent to annoy, abuse, or harass Plaintiff, in prohibition of 15 U.S.C. §1692d(5);

    c. using generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e;

    d. using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f.

**ANSWER:** Defendant denies the allegations in Paragraph 13, including subparts (a) through (d), as untrue.

14. Plaintiff has suffered damages as the result of Defendants' violations of the FDCPA.

**ANSWER:** Defendant denies the allegations in Paragraph 14 as untrue.

### COUNT II – Michigan Debt Collection Practices Act (FDCPA)

15. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

**ANSWER:** GC Services incorporates by reference the preceding answers (1-14) as if fully restated herein.

16. Defendant violated the Michigan the Michigan Collection Practices Act, MCL

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

§445.251 et seq., including, but not limited to:

    a.    Communicating with a debtor in a misleading or deceptive manner

    b.    Making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of communication when it is made in connection with collecting a debt in violation of MCL §445.251(e).

    c.    Misrepresenting in a communication with a debtor 1 or more of the following in violation of MCL §445.251(f):

        i.    The legal status of a legal action being taken or threatened;

        ii.    The legal rights of the creditor or debtor;

    d.    Failing to implement a procedure designed to prevent a violation by an employee in violation of MCL §445.251(q).

**ANSWER:** Defendant denies the allegations in Paragraph 16, including subparts (a) through (d), as untrue.

17.    Plaintiff has suffered damages as a result of Defendants' violations of the Michigan Collection Practices Act.

**ANSWER:** Defendant denies the allegations in Paragraph 17 as untrue.

### Demand for Judgment and Relief

18.    Accordingly, Plaintiff requests damages, costs and attorney fees as mandated by the above statutes in a total amount of less than $10,000.00;

    a.    Equitable relief under the Michigan Collection Practices Act including a finding that Plaintiff does not owe the alleged debt.

    b.    Deletion of any and all accounts being wrongfully reported to any credit bureau by any Defendant.

**ANSWER:** Defendant acknowledges that Plaintiff is seeking damages, costs, and

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

attorney fees in a total amount of less than $10,000, but denies as untrue the allegations that Plaintiff is entitled to any damages, costs, or attorney fees of any kind or in any amount whatsoever. Defendant also denies as untrue the allegations that Plaintiff is entitled to equitable relief of any kind whatsoever, including but not limited to the relief requested in subparts (a) and (b).

WHEREFORE, Defendant GC Services LP respectfully requests that the Court:

    A.    Dismiss Plaintiff's Complaint, with prejudice;

    B.    Enter a Judgment for Defendant and against Plaintiff;

    C.    Award Defendant a recovery of its reasonable attorneys' fees and costs incurred in defending this action;

    D.    Grant such other relief to Defendant as the Court may deem appropriate.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael J. Hodge (P25146)
Scott R. Eldridge (P66452)


By: s/ *Michael J. Hodge*
    Michael J. Hodge (P25146)
Attorneys for Defendant GC Services L.P.
One Michigan Avenue, Suite 900
Lansing, MI  48933
(517) 487-2070
email: hodge@millercanfield.com

DATED:  January 2, 2009


### DEFENDANT GC SERVICES LP'S AFFIRMATIVE AND OTHER DEFENSES

NOW COMES Defendant, **GC SERVICES LP**, by and through its counsel, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., and, in further answer to Plaintiff's Complaint, states that it will rely upon the following Affirmative and Other Defenses, if applicable, based on

facts to be determined through appropriate discovery:

1. Plaintiff has failed to join in the Complaint every claim arising out of the transaction or occurrence that is the subject matter of this action.

2. Plaintiff has failed to state one or more claims upon which relief can be granted.

3. All or some of Plaintiff's claims are barred by the applicable statutes or other periods of limitation.

4. Plaintiff has failed to identify or plead facts or legal authority which would entitle him to the equitable relief sought, including but not limited to his requests for a finding that he does not owe the alleged debt and/or for the deletion of any alleged "accounts being wrongfully reported to any credit bureau by any Defendant."

5. Plaintiff has failed to identify or plead facts which would entitle him to actual or statutory damages.

6. Plaintiff's claims are subject to dismissal upon a motion for summary judgment.

7. Plaintiff's claims against GC Services are barred in whole or in part because they are subject to mandatory arbitration pursuant to a valid agreement.

8. Any violation of the Fair Debt Collection Practices Act by GC Services, if proven, was the result of a bona fide error under 15 U.S.C. § 1692k(c).

9. Plaintiff filed the instant action in the improper venue.

Defendant reserves the right to amend its Answer to add additional or other Affirmative Defenses or Other Defenses to delete or withdraw Affirmative Defenses or Other Defenses as may become necessary after reasonable opportunity for appropriate discovery.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael J. Hodge (P25146)
Scott R. Eldridge (P66452)


By: s/ *Michael J. Hodge*
   Michael J. Hodge (P25146)
Attorneys for Defendant GC Services L.P.
One Michigan Avenue, Suite 900
Lansing, MI  48933
(517) 487-2070
email: hodge@millercanfield.com

DATED:  January 2, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2009, I presented the foregoing paper to the Clerk of the Court for filing, and served copies of same upon counsel of record, at the above address, via FIRST CLASS MAIL.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael J. Hodge (P25146)
Scott R. Eldridge (P66452)


By: s/ *Michael J. Hodge*
   Michael J. Hodge (P25146)
Attorneys for Defendant GC Services L.P.
One Michigan Avenue, Suite 900
Lansing, MI  48933
(517) 487-2070
email: hodge@millercanfield.com

DATED:  January 2, 2009

LALIB:177492.1\031578-00046